Baran *v.* Ford Motor Co. et al.

(No. 72-444—Decided November 20, 1972.)

Common Pleas Court of Richland County.

*Mr. Larry Inscore* and *Messrs. Ross. Davis & Baran,* for plaintiff.

*Messrs. Tricarichi, Carnes & Kube,* for defendants Shaker Heights Motors, Inc., James Marsh, Edward Gottesman and Jeffrey Smith.

*Mr. George Murray,* for defendant Ford Motor Co.

Mayer, J. The decision herein concerns a motion of Shaker Heights Motors, James Marsh, Edward Gottesman and Jeffrey Smith, four of the defendants herein, who move this court to dismiss this action on the ground that it is filed in an improper county.

The motion was submitted on briefs. Movants contend the claim arose in Cuyahoga County and such defendants reside in said county. They submit that pursuant to Civil Rule 3, this action has been commenced in an improper county and should therefore be dismissed. Plaintiff argues that venue is proper in Richland County and the motion should be overruled.

Briefly, plaintiff alleges in his complaint that he purchased a new Torino Squire motor vehicle, the same was and is defective, that he made demands, without getting results, to correct the defects. He further claims said defects are occasioned by negligent design and manufacture, inspection and assembly. Further breach of warranty is

alleged and breach of contract in other counts. Count five claims false and fraudulent representations. Judgment is prayed against defendants jointly and severally, for compensatory damages in the amount of $5,600 and punitive damages in the amount of $5,000,000.00.

Civil Rule 3 of the Ohio Rules of Civil Procedure provides in its relevant parts:

"(A) Commencement. A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing.

"(B) Venue: Where proper. Any action may be venued, commenced and decided in any court in any county. When applied to county and municipal courts "county" as used in this rule shall be construed where appropriate, as the territorial limits of those courts. Proper venue lies in any one or more of the following counties:

\* \* \*

"(5) A county in which the property, or any part thereof, is situated if the subject of the action is real property or tangible personal property;

"(6) The county in which all or a part of the claim for relief arose; or, if the claim for relief arose upon a river, or other watercourse, or a road, which is the boundary of the state, or of two or more counties, in any county bordering on such river, watercourse, or road, and opposite to the place where the claim for relief arose;

"(7) In actions described in Rule 4.3 (out-of-state service) in the county where plaintiff resides;"

Ford Motor Company is a material defendant herein. It is an out-of-state corporation. Service of process was perfected upon it by the "Long Arm Statute," Civil Rule 4.3. Further, the alleged defective automobile is located in this county and it is claimed portions of the cause of action arose in this county.

Civil Rule 3(E) provides:

"Venue: Multiple defendants and multiple claims for relief. In any action, brought by one or more plaintiffs against one or more defendants involving one or more claims for relief, the forum shall be deemed a proper forum; and venue therein shall be proper, if the venue is proper

as to any one party other than a nominal party, or as to any one claim for relief.

"Neither the dismissal of any claim nor of any party except an indispensable party shall affect the jurisdiction of the court over the remaining parties."

Therefore, it appears venue is proper against Ford Motor Company and complaining defendants motion to dismiss this action becomes grounded upon quicksand and the motion cannot survive.

In any event, Civil Rule 3(C) pertains to change of venue and thereunder dismissal could not be appropriate.

Previous Ohio "long arm" statutes, R. C. 2307.382(A), 2703.20 and 2703.201, are reduced to one rule by Civil Rule 4.3(A) setting forth types of conduct that will establish required minimum contact with Ohio. Where nonresidents of Ohio have contacts which have caused events to occur out of which the subject claim of the complaint arose, service outside of Ohio upon nonresidents may be made. The "person" to be served can be any type of commercial or legal entity. Where there is reasonable provision for the giving of actual notice due process is satisfied if the person served had sufficient contact within Ohio so it is fair that he defend the claim in Ohio. *International Shoe Co.* v. *Washington* (1945), 326 U. S. 310, 90 L. Ed. 95, 66 S. Ct. 154; *Milliken* v. *Meyer* (1940), 311 U. S. 457, 463, 85 L. Ed. 278, 61 S. Ct. 339.

The question at hand affords an example of how the application of the new Civil Rules provide the tools for logical solution to many problems arising in Ohio courts which would have heretofore required extensive research under Ohio decisions and statutes, and after much of said research the waters would still be muddy. Pleading and procedure philosophy of Ohio under the Civil Rules is going through the steps of change the third time in our history, common law pleading being used until the 1953 code pleading system was adopted. Time will prove our third system is a step forward.

Considering the provisions of the "Long Arm Rule," the presence in Richland County of tangible personal property being a subject of this litigation, and a part of the

claim for relief arose in this county, this court finds and concludes that venue is proper in Richland County and that the motion of defendants should be, and hereby is, overruled. Exceptions noted.

*Motion to dismiss overruled.*